**FILED**

**JUN 2 4 2005**

CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CIV 04-4041 |
| | * | |
| Plaintiff, | * | |
| | * | |
| -vs- | * | |
| | * | MEMORANDUM OPINION |
| DONALD L. BEANER; GLORIA M. | * | AND ORDER |
| BEANER; TIMOTHY BEANER; SARA | * | |
| BEANER; and MCCOOK COUNTY, a | * | |
| political subdivision of the State of | * | |
| South Dakota, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion for Summary Judgment, Doc. 29, in this foreclosure action. The motion has been fully briefed by Plaintiff and Defendants Donald L. Beaner and Gloria M. Beaner. Defendants Donald and Gloria Beaner filed a Motion for Stay of All Proceedings, Doc. 39, which has been fully briefed. Plaintiff filed a Motion, Doc. 42, requesting a Court Order to allow a $25.00 money order sent by Donald and Gloria Beaner to Farm Service Agency in purported satisfaction of more than $500,000 in debt, to be placed in the Registry of the Court to be applied to the Beaners' indebtedness.

The Court will refer to Donald and Gloria Beaner as "the Beaners" or individually as necessary in this opinion. As of the time the summary judgment motion was filed, the total amount of the Beaners' debt to the Farm Service Agency, plus interest, was approximately $522,000. The assessed value of the mortgaged real estate was $580,000 as of January 2004 and the fair and reasonable value of the chattel security was estimated to be $13,765 as of May 2003. All of the promissory notes, mortgages and security agreements signed by the Beaners are attached to the Complaint.

A.     Motion for Summary Judgment

Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party and giving that party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Pace v. City of Des Moines*, 201 F.3d 1050, 1052 (8th Cir. 2000).

In opposition to Plaintiff's motion, the Beaners assert that they did not receive value in exchange for pledging their property as collateral. The Beaners assert that "[i]t is a well settled matter of Federal law that, the Constitution does not give the Plaintiff, nor the banks, including but not limited to the Federal Reserve Banks, any authority to create its own money or to lend its credit to someone else. It is also a fact that the **United States Constitution, Article I, Section 10,** declares the sole lawful tender to be gold and silver coin, and that the printing of bills (paper money, sometimes referred to as legal tender) and/or fiat money as lawful tender is not permitted." (Brief in Opposition to Motion for Summary Judgment, Doc. 33, at pp. 2-3.) They further assert that they cannot be in default and be made to repay upon the terms and conditions of the notes at issue because the notes are null and void negotiable instruments. Addressing the issue of notice, the Beaners contend that Plaintiff failed to provide them with sufficient notice and failed to comply with the mandates of 7 U.S.C. § 1981a and 7 C.F.R. § 1956.66. They allege Plaintiff is violating an injunction entered against the Farm Service Agency in *Coleman v. Block*, 663 F.Supp. 1315, 1332, 1333 (D.N.D. 1987). Finally, Donald L. Beaner asserts that "[t]he man Donald L. Beaner has never signed any Promissory notes or contracts for or with the Plaintiff." (Opposition Brief, Doc. 33, at p. 5.) He appears to make a distinction in his affidavit between "Donald L. Beaner" and "DONALD L. BEANER" and asserts that the former is his legal name, but the latter, in all capital letters, is not his legal name.

In reply to the Beaners' brief, the Plaintiff argues that the Beaners' frivolous argument that they did not receive legal tender in exchange for the mortgage on their property, has been made and rejected by this Court and the District Court for the District of Columbia in previous litigation. Addressing the issue of notice, Plaintiff contends that the Beaners have received all the process they

2

were due. In addition, Plaintiff asserts the Beaners' argument regarding violation of the injunction in the *Coleman* case is frivolous because the Eighth Circuit vacated the District Court's decision and dismissed the *Coleman* case in its entirety on grounds of mootness. *See Coleman v. Lyng*, 864 F.2d 604, 605 (8th Cir. 1988). The Plaintiff contends that the Affidavit of Steven Magedanz establishes that the Beaners were provided all the servicing rights to which they were entitled under the law. Finally, the Plaintiff argues that Donald L. Beaner's argument regarding capital letters/small case letters is specious and does not create a genuine issue of material fact for trial.

The Court recently sanctioned the Beaners pursuant to Fed.R.Civ.P. 11 for their legal-tender argument after giving them an opportunity to withdraw that argument. *See Donald Leo Beaner v. United States*, CIV 03-4166 (D.S.D.) (Memorandum Opinion and Order, Doc. 28, February 28, 2005.) The Court ordered that Donald Beaner and his wife, Gloria Beaner, pay $500 each, for a total of $1,000, in sanctions no later than April 29, 2005. (*Id.*) The legal-tender argument was raised in this action before the Court issued the opinion sanctioning the Beaners in CIV 03-4166. As explained in the opinion sanctioning the Beaners in CIV 03-4166, the District of Columbia rejected this same claim made by Plaintiff Donald Beaner in *Beaner v. United States*, Civ. 02-1933 (D.D.C.). This Court rejected similar claims that were raised in defense to a foreclosure action in *United States v. Schiefen*, 926 F.Supp. 877 (D.S.D. 1995), *aff'd* 81 F.3d 166 (8th Cir. 1996) (table). Schiefen argued that there was insufficient consideration securing the promissory note he signed because the Farmers Home Administration loaned funds by "creating 'money' of INtangible [sic] value by a bookkeeping entry[.]" *Id.* at 880. Schiefen alleged that United States currency is "irredeemable, unbacked paper." *Id.* This Court dismissed Schiefen's claims, noting that they had been rejected by numerous courts. *See id.* at 881. The Beaners' similar legal-tender defense in this case is rejected as frivolous. *See, e.g., Juilliard v. Greenman*, 110 U.S. 421, 448 (1884) ("Congress is authorized to establish a national currency, either in coin or in paper, and to make that currency lawful money for all purposes, as regards the national government or private individuals"); *Edgar v. Inland Steel Co.*, 744 F.2d 1276, 1278 n. 4 (7th Cir. 1984) (per curiam) (rejecting argument that "federal reserve notes are not money"); *Foret v. Wilson*, 725 F.2d 254, 254-55 (5th Cir. 1984) (per curiam) (rejecting argument that "only gold and silver coin may be constituted legal tender").

3

The Court also rejects the Beaners' argument that they did not receive all the process they were due. The Plaintiff submitted the Affidavit of Stephen Magedanz, a Farm Loan Specialist for the Farm Service Agency, Doc. 35, explaining all of the servicing, restructuring and appeal rights the Beaners were provided after the Bankruptcy Court Order, dated August 2, 1994, discharging the Beaners' bankruptcy petition. When the Bankruptcy Court's discharge ordered was entered, the Farm Service Agency wrote off $1,100,833.00 of the Beaners' indebtedness. The Beaners have introduced no evidence to contradict Mr. Magedanz's Affidavit and the Court does not find there is a genuine issue of material fact for trial on the issue of whether the Beaners received all the process they were due in the Farm Service Agency's servicing and foreclosure proceedings. The Court also agrees with the Plaintiff that the Beaners' argument regarding the *Coleman* injunction is meritless based upon the Eighth Circuit's dismissal of that case on mootness grounds. *See Coleman*, 864 F.2d at 605.

The final argument advanced by Donald Beaner is that "Donald L. Beaner" and "DONALD L. BEANER" are not the same person. This argument is frivolous. Donald L. Beaner does not contend that his name was forged on the notes, mortgages and security agreements at issue, but rather that his "true and lawful name is Donald L. Beaner, not DONALD L. BEANER," and that, "the transmitting utility DONALD L. BEANER is alleged to be the one who may have signed notes promising to repay the Plaintiff and/or it's [sic] agencies." (Affidavit of Donald L. Beaner, Doc. 33, Ex. 1.).

The Court finds there is no genuine issue of material fact for trial and that Plaintiff is entitled to judgment as a matter of law on its Complaint. *See* Fed.R.Civ.P. 56. Plaintiff's motion will be granted and Plaintiff will be directed to submit a Judgment of Foreclosure consistent with its Motion.

B.     Motion For Stay of All Proceedings

The Beaners filed a Motion for Stay of All Proceedings, Doc. 39, requesting that the Court refrain from ruling in this action until they can petition the United States Supreme Court to rule upon their legal-tender argument. No authority has been cited by the Beaners to establish that the Supreme

4

Court would have jurisdiction over this action. *See United States Constitution*, Art. III, §§ 1, 2. Moreover, the Court has imposed sanctions under Fed.R.Civ.P. 11 against the Beaners for raising the legal-tender argument, finding it to be frivolous. The motion for stay will be denied.

C.     Motion for Court Order

Plaintiff filed a Motion requesting that a $25.00 money order the Beaners sent to the Farm Service Agency in purported satisfaction of the Beaners' indebtedness be deposited with the Registry of the Court to be applied to the Beaners' indebtedness of over $500,000 should the Court grant the relief prayed for in the Complaint. The Court will grant the motion. Accordingly,

IT IS ORDERED:

1.     That Plaintiff's Motion for Summary Judgment, Doc. 29, is granted.

2.     That the Plaintiff shall prepare a Judgment of Foreclosure consistent with its Motion.

3.     That Defendants Donald and Gloria Beaner's Motion for Stay of All Proceedings, Doc. 39, is denied.

4.     That Plaintiff's Motion, Doc. 42, is granted and the Plaintiff may deposit in the Deposit Fund of the Clerk of Court the $25.00 money order the Beaners sent to the Farm Service Agency, dated March 8, 2005, with the money to be applied to the Beaners' indebtedness to the Farm Service Agency following the entry of a Judgment of Foreclosure in this action.

Dated this 24th day of June, 2005.

BY THE COURT:

Lawrence L. Piersol
Chief Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
                    DEPUTY

5